IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-00070-BR-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JASMINE LAMOUNS AVENT ) | |
| _____ ) | |

This cause comes before the Court upon Jasmine Lamouns Avent's second pro se motion for transcripts without payment of fees. (DE 36). Avent previously requested a waiver in costs of producing the transcripts associated with his case, copies of the docket sheet, criminal information/indictment and judgment, as well as discovery. By Order dated February 11, 2014, the Court denied the request noting that Avent had shown no particularized need for the transcripts or other items.

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at government expense. Section 753(f) provides in pertinent part that the United States shall pay the fee for a transcript to be furnished to a person permitted to bring an action under § 2255 *in forma pauperis* "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f).

1

Because there is no constitutional requirement that an indigent defendant be supplied free transcripts (or other court documents) in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *United States v. MacCollom*, 426 U.S. 317, 323-30 (1976); *see also Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975); *McQueen v. United States*, No. 5:09-CR-253-F, 2012 U.S. Dist. LEXIS 9736, at *3 (E.D.N.C. Jan. 27, 2012).

In the present motion, Avent asserts that he is requesting the copies "for his safety while [he is] incarcerated" and that he anticipates being transferred to another facility soon. (DE 36). No other reasons are asserted. As noted in the previous Order, an indigent petitioner is not entitled to transcripts at government expense "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Inasmuch as he has failed to set forth sufficient reasons demonstrating a particularized need for the documents requested, a determination of whether an intended suit is frivolous, or whether the sentencing transcript is needed to decide the issue presented by the suit, as required by 28 U.S.C. § 753(f), cannot be made. Accordingly, the motion transcript (DE 36) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, February 27, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE